NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3593-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

CHARLES NOBLE, a/k/a GERARD ALSTON,
a/k/a GERARD FURQUAN, a/k/a GERALD
ALSTON,

 Defendant-Appellant.
______________________________________

 Submitted May 23, 2017 – Decided July 18, 2017

 Before Judges Leone and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 No. 95-08-2645.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Anderson D. Harkov, Designated
 Counsel, on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Frank J.
 Ducoat, Special Deputy Attorney General/
 Acting Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM
 Defendant appeals an order denying his post-conviction relief

(PCR) petition without an evidentiary hearing. We affirm.

 Following a 1996 jury trial, defendant was convicted of third-

degree theft of movable property, N.J.S.A. 2C:20-3(a).1 At

defendant's May 15, 1996 sentencing, the court considered a

presentence report that had been used on January 16, 1996 in

connection with defendant's sentencing on unrelated charges. The

presentence report, however, also included a May 15, 1996 "UPDATE"

addendum prepared by the probation department. It listed the

offense for which defendant was being sentenced, the charges and

sentence in the January 1996 matter, and a gap time credit

calculation. Defendant's counsel advised the court he reviewed the

presentence report and there were no amendments or changes

required.

 Defendant was sentenced on the third-degree theft conviction

to a five-year custodial term with a two-and-a-half year period

of parole ineligibility. The court ordered that the sentence run

consecutively to the custodial sentence defendant received in

1
 On defendant's direct appeal we noted that his judgment of
conviction erroneously stated he was convicted of first-degree
carjacking, N.J.S.A. 2C:15-2, and directed that the judgment of
conviction be corrected. State v. Alston, No. A-7653-95 (App. Div.
June 18, 1998) (slip op. at 1, n. 1). The record on appeal does
not include a corrected judgment of conviction.

 2 A-3593-15T1
January 1996. Defendant's conviction and sentence were affirmed

on appeal. Alston, supra, slip op. at 4.

 On December 19, 2014, defendant filed a pro se PCR petition

alleging his trial counsel was ineffective because he allowed the

court to sentence defendant based on the presentence report

prepared for use in the January 1996 matter. Defendant further

alleged his sentence was illegal because the court relied on the

presentence report in the prior matter. Following the assignment

of counsel, the court heard oral argument on the petition.

 In a detailed written opinion the court found the petition

was time barred under Rule 3:22-12(a)(1) because it was filed

eighteen years after entry of defendant's judgment of conviction

and defendant failed to demonstrate excusable neglect for the late

filing. The judge also addressed the merits of defendant's

petition, finding defendant did not demonstrate his attorney's

performance was constitutionally deficient or that he suffered

prejudice as a result of his counsel's alleged error. The court

entered an order denying defendant's petition without an

evidentiary hearing. This appeal followed.

 On appeal, defendant makes the following arguments:

 POINT ONE

 THE TIME BAR OF R. 3:22-12 SHOULD NOT BE
 APPLIED TO DEFENDANT'S PETITION FOR POST
 CONVICTION RELIEF[.]

 3 A-3593-15T1
 POINT TWO

 THE PCR COURT ERRED WHEN IT FAILED TO GRANT
 DEFENDANT'S REQUEST FOR AN EVIDENTIARY
 HEARING[.]

 POINT THREE

 THE FAILURE OF TRIAL COUNSEL TO OBJECT TO A
 SENTENCE PROCEEDING THAT WAS ILLEGAL BECAUSE
 IT VIOLATED R. 3:21-2 AND N.J.S.A. 2C:44-6,
 WHICH REQUIRE A SENTENCING COURT TO ORDER A
 PRESENTENCE REPORT, DEPRIVED DEFENDANT OF HIS
 CONSTITUTIONAL RIGHT TO THE EFFECTIVE
 ASSISTANCE OF COUNSEL[.]

 We review the legal conclusions of a PCR court de novo. State

v. Harris, 181 N.J. 391, 419 (2004), cert. denied, 545 U.S. 1145,

125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). The de novo standard

of review applies to mixed questions of fact and law. Id. at 420.

Where an evidentiary hearing has not been held, it is within our

authority "to conduct a de novo review of both the factual findings

and legal conclusions of the PCR court." Id. at 421 (emphasis

omitted). We apply those standards here.

 We find no merit in defendant's argument that the court erred

by finding his petition was time barred under Rule 3:22-12(a)(1).

A PCR petition must be filed within five years of the entry of the

judgment of conviction unless the defendant demonstrates

"excusable neglect" for missing the deadline and that "there is a

reasonable probability that if the defendant's factual assertions

 4 A-3593-15T1
were found to be true enforcement of the time bar would result in

a fundamental injustice." R. 3:22-12(a)(1).

 The PCR petition must allege facts sufficient to demonstrate

excusable neglect and fundamental injustice under Rule 3:22-

12(a)(1). See State v. Mitchell, 126 N.J. 565, 577 (1992) (finding

that a PCR "petition itself must allege the facts relied on to

support the claim"); State v. Cann, 342 N.J. Super. 93, 101-02

(App. Div.) ("A [PCR] petition is time-barred if it does not claim

excusable neglect, or allege the facts relied on to support that

claim."), certif. denied, 170 N.J. 208 (2001). "Absent compelling

extenuating circumstances, the burden to justify filing a petition

after the five-year period will increase with the extent of the

delay." State v. Afandafor, 151 N.J. 41, 52 (1997); see also State

v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (finding a

lapse of almost seven years following the five-year deadline

"undercuts a finding of excusable neglect and fundamental

injustice").

 Here, defendant's petition was filed more than eighteen years

following the entry of the judgment of conviction. His petition

is devoid of any claim of excusable neglect justifying the late

filing of his petition, or facts supporting a finding of excusable

neglect. Moreover, as we will explain, defendant has failed to

show a fundamental injustice. The court therefore correctly

 5 A-3593-15T1
determined defendant's petition was time barred under Rule 3:22-

12(a)(1). Cann, supra, 342 N.J. Super. at 101-02.

 Defendant argues he is not required to show excusable neglect

because the court imposed an illegal sentence that may be

challenged at any time under Rule 3:21-10(b)(5). He asserts

imposition of the sentence resulted in a fundamental injustice.

He asserts that his sentence is illegal because the court did not

obtain a new presentence report for his May 1996 sentencing and

instead relied on the report used at his January 1996 sentencing,

as updated by the addendum. We disagree.

 A court must order a presentence investigation of the

defendant before imposing a sentence, and must accord it due

consideration. N.J.S.A. 2C:44-6; R. 3:21-2(a); see also State v.

Mance, 300 N.J. Super. 37, 65 (1997) (remanding for resentencing

where the court relied on an outdated presentence report). Even

assuming the use of the updated January 1996 presentence report

violated these provisions, it did not affect the legality of

defendant's sentence.

 "[A] truly 'illegal' sentence can be corrected 'at any

time.'" State v. Acevedo, 205 N.J. 40, 47 n.4 (2011) (quoting R.

3:21-10(b)(5); R. 3:22-12). "[A]n illegal sentence is one that

'exceeds the maximum penalty provided in the Code for a particular

offense' or a sentence 'not imposed in accordance with law.'" Id.

 6 A-3593-15T1
at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). A

sentence "not imposed in accordance with law" includes a

"disposition [not] authorized by the Code." Murray, supra,, 162

N.J. at 247. However, "mere excessiveness of sentence otherwise

within authorized limits, as distinct from illegality by reason

of being beyond or not in accordance with legal authorization, is

not an appropriate ground of post-conviction relief and can only

be raised on direct appeal from the conviction." State v. Clark,

65 N.J. 426, 437 (1974).

 In Acevedo, supra, the Court held that although the trial

judge failed to state reasons for imposing consecutive sentences

as required, the sentence was not illegal. 205 N.J. at 45-47. The

Court explained the "defendant's contentions regarding consecutive

sentences or the absence of reasons for imposition of the

consecutive sentences [did] not relate to the issue of sentence

'legality,'" and thus, were not cognizable on PCR or under

Rule 3:21-10(b)(5). Id. at 47.

 The same is true here. Defendant's sentence was within the

permissible sentencing range, and was authorized by the Code.

Similar to the court's failure to state its reasons for imposing

consecutive sentences in Acevedo, the court's reliance on an

allegedly outdated presentence report did not affect the legality

of defendant's sentence.

 7 A-3593-15T1
 Defendant's reliance on Mance, supra, 300 N.J. Super. 37, is

misplaced. Although in Mance we remanded for resentencing where

the trial court relied on a presentence report that was over

fifteen years old, the issue was raised on direct appeal. Id. at

44, 65. Here, because defendant's argument regarding the failure

to obtain a new presentence report "[does] not relate to the issue

of sentence 'legality,'" it is not cognizable in a PCR proceeding

and does not provide grounds for relief under Rule 3:21-10(b)(5).

Acevedo, supra, 205 N.J. at 47.

 In any event, the presentence report here was not fifteen

years out of date. The January 1996 presentence report was updated

by the probation department with a May 15, 1996 addendum that was

current on the date of sentencing. Defendant does not offer any

information he contends would have been included in an entirely

new presentence report that was not included in the updated

presentence report relied upon by the court at defendant's

sentencing.

 Defendant's remaining arguments are without sufficient merit

to warrant discussion in a written opinion. R. 2:11-3(e)(2). We

add only the following comments.

 To sustain his burden of establishing an entitlement to PCR

based on the alleged ineffectiveness of his trial counsel,

plaintiff was required to show that his counsel's handling of

 8 A-3593-15T1
defendant's sentencing "fell below an objective standard of

reasonableness," and that there exists a "reasonable probability

that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland v. Washington,

466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d

674, 693, 698 (1984); see also State v. Fritz, 105 N.J. 42, 58

(1987) (adopting Strickland standard for determination of PCR

petitions alleging ineffective assistance of counsel claims under

the New Jersey Constitution).

 For the reasons stated by the PCR court, we are satisfied

defendant failed to sustain his burden of demonstrating his trial

counsel's performance was deficient and there was a reasonable

probability he suffered prejudice as a result of his trial

counsel's alleged error in permitting the sentencing court to rely

on the updated presentence report. And because defendant failed

to sustain his burden, the court did not err in denying defendant's

request for an evidentiary hearing. See State v. Porter, 216 N.J.

343, 354 (2013); R. 3:22-10(b).

 Affirmed.

 9 A-3593-15T1